

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 8, 1957

Hon. William J. Gillespie
County Attorney
Lubbock County
Lubbock, Texas

Dear Mr. Gillespie:

Opinion No. WW-47

Re: Exemption from ad valorem
taxes of commercial property
held in trust by the Board of
Directors of Texas Technological
College for student loan fund.

You have requested an opinion of this office on the above
captioned subject and have advised us of the following facts. One-
tenth of an estate was devised to the Board of Directors of Texas
Technological College "as a revolving trust fund to be loaned to
deserving poor boys and girls who may be endeavoring to obtain their
education in Texas Technological College in Lubbock". On March 10,
1933, a Partitition Order was entered by the 99th Judicial District
Court partitioning to the Board of Directors Lot 12, Block 134,
Original Town of Lubbock, to be used in accordance with the bequest.
A deed to the Board conveying an outstanding 19/128 interest in the
property was delivered and recorded in 1938. The property is
rented, and the Comptroller of the College has filed an affidavit with
the Tax Assessor-Collector of Lubbock County to the effect that the
entire net income from the property has been used and is being used
in accordance with the terms of the trust.

It is universally recognized that gifts to promote education
constitute charitable gifts; and it has been specifically held that a
gift in trust to provide loans "to ambitious and worthy boys and girls,
who are financially unable to secure an education and would otherwise
be deprived thereof" created a charitable trust. Powers v. First Nat.
Bank of Corsicana, 138 Tex., 604, 161 S.W.2d 273, 280, 281 (1942) and
authorities cited therein.

Since the property in question constitutes the corpus of a
charitable trust, exemption could only be accorded under Section 7 of
Article 7150, enacted in pursuance to the constitutional authorization
of Section 2 of Article VIII to exempt "institutions of purely public
charity". Section 7 reads as follows:

"Public charities. - All buildings belonging to
institutions of purely public charity, together with
the lands belonging to and occupied by such institu-
tions not leased or otherwise used with a view to
profit, unless such rents and profits and all moneys
and credits are appropriated by such institutions

solely to sustain such institutions and for the bene-
fit of the sick and disabled members and their families
and the burial of the same, or for the maintenance of
persons when unable to provide for themselves, whether
such persons are members of such institutions or not.
An institution of purely public charity under this
article is one which dispenses its aid to its members
and others in sickness or distress, or at death, without
regard to poverty or riches of the recipient, also when
the funds, property and assets of such institutions are
placed and bound by its laws to relieve, aid and
administer in any way to the relief of its members when
in want, sickness and distress, and provide homes for
its helpless and dependent members and to educate and
maintain the orphans of its deceased members or other
persons."

The rule is well established in this State that the property exemption granted to "public charities" covers only real property and the improvements thereon with a further requisite that the charity must make an actual, direct and exclusive use of the property for charitable purposes. Property actually used for private purposes is not exempted even though the rental income arising from this private use may go to charity. Santa Rosa Infirmary v. City of San Antonio, Tex.Comm.App., 259 S.W. 926 (1924); Masonic Temple Ass'n v. Amarillo School Dist., 14 S.W.2d 128 (Tex.Civ.App. 1928, error ref.); Benevolent and Protective Order of Elks, Lodge 151 v. The City of Houston, 44 S.W.2d 488 (Tex.Civ.App. 1931, error ref.); City of Longview v. Markham - McRee Memorial Hospital, 137 Tex. 178, 152 S.W.2d 1112 (1941); Markham Hospital v. City of Longview, 191 S.W.2d 695 (Tex.Civ.App. 1945, error ref.); Malone-Hogan Hospital Clinic Foundation, Inc., v. City of Big Spring, 288 S.W.2d 550 (Tex.Civ.App. 1956, error ref. n.r.e.).

Under the facts submitted for our consideration, no exemption can be granted in this case since the charity does not make an actual, direct and exclusive use of the property for its charitable purposes.

## SUMMARY

Rented property which is held by the Board of
Directors of Texas Technological College in
trust, is not exempt from State and county ad
valorem taxes even though all the income there-
from is being used as a student loan fund because

the charity does not make an actual, direct and exclusive use of the property for charitable purposes.

Yours very truly,

WILL WILSON
Attorney General

By *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

MMP:cs